PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN E. GAYBOR, ) | |
| ) | CASE NO. 4:14-CV-00318 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MICHAEL PUGH, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION &** |
| Defendants. ) | **ORDER** [Resolving ECF Nos. 1, 12] |

Pending before the Court is a motion for preliminary judgment filed by *pro se* Plaintiff Christian Gaybor. ECF No. 1. Also pending is a motion to dismiss for lack of subject matter jurisdiction filed by Defendants Director of Federal Bureau of Prisons, Ms. Hivner, NEOCC Medical Director, Michael Pugh, and Chris Samuels. ECF No. 12. The Court referred both motions to Magistrate Judge George Limbert in accordance with 28 U.S.C. § 636. Magistrate Judge Limbert issued a report recommending that the Court deny Plaintiff's motion for preliminary injunction, deny Defendants' motion to dismiss, and dismiss this case without prejudice. ECF No. 24. Plaintiff filed an objection, to which Defendants filed a response. ECF Nos. 25, 26, 27.

The Court has reviewed the briefs, the exhibits, and the governing law. For the following reasons, the Court overrules Plaintiff's objection and adopts, in its entirety, the report and recommendation of the magistrate judge.

(4:14-CV-318)

## I. Factual and Procedural History

This action was commenced when Plaintiff, then an inmate at Northeast Ohio Correctional Center ("NEOCC"), filed a complaint/motion for preliminary injunction. ECF No. 1. In that motion, Plaintiff seeks a court order enjoining Defendants from returning him to NEOCC after the completion of his scheduled heart valve surgery, and directing his transfer "to a medical facility for aftercare that can properly accommodate his medical needs." ECF No. 1 at 1. Citing to a prison memorandum stating that "[o]nly care level 1 and 2 inmates should be housed at contract facilities," Plaintiff asserts that NEOCC will be unable to accommodate his medical needs because his care level will increase after he receives his heart surgery. ECF No. 1 at 6. Plaintiff makes the following specific requests: that he (1) be transferred to a medical facility; (2) receive his heart valve surgery; (3) be granted post-surgery rehabilitation; and (4) remain at a medical facility because NEOCC is not capable of providing medical care for a care level 3 or 4 inmate. ECF No. 1; *see* ECF No. 18.

Defendants moved to dismiss the complaint/motion for preliminary injunction on the ground that the Bureau of Prisons ("BOP") had approved a medical transfer of Plaintiff to a Federal Medical Center ("FMC") in Lexington, Kentucky, for Plaintiff to receive heart surgery and post-operative care; therefore, Plaintiff's claims were moot. ECF No. 12 at 2. Plaintiff then filed an opposition asserting that "[t]he fact the Plaintiff has been transferred represents a fourth (1/4) of the relief requested." ECF No. 18 at 2.

(4:14-CV-318)

Defendants then filed several pleadings apprising the Court of the developments with respect to Plaintiff's condition and medical care.[1]  *See* ECF Nos. 19, 19-1, 21, 21-1, 23.  Of particular significance is the July 25, 2014 declaration of Zahra Tavakoli, M.D., who is the clinical director of FMC Lexington.  ECF No. 21-1.  In the declaration, Dr. Tavakoli informed the Court that (1) Plaintiff received his heart surgery on May 21, 2014; (2) Plaintiff is "in stable condition as evidenced by the fact that the heart surgeon has cleared him and only needs to see him again in one year"; (3) Plaintiff is currently at care level 4 and that she would like to keep him at a care level 3-4 facility and monitor him for up to six months; (4) after the monitoring period, Plaintiff's care level will be reevaluated; and (5) there is no clinical indication at this time that Plaintiff will require permanent placement at FMC Lexington or at any other care level 4 facility.  ECF No. 21-1.

Magistrate Judge Limbert issued a report and recommendation in which he recommended that Defendant's motion to dismiss should be denied as premature because, at the time the motion was filed, Plaintiff had not actually been transferred to a medical facility.  ECF No. 24 at 8.  In other words, Plaintiff's complaint/motion for preliminary judgment was not yet moot at the time Defendants filed their motion.  ECF No. 24 at 8.

The magistrate judge also recommended that Plaintiff's motion for preliminary injunction should be denied.  He concluded that, based on the subsequent pleadings, evidence, and telephone conference, Plaintiff's demands for a transfer to a medical facility, for heart surgery, and for post-surgery rehabilitation, had been mooted by his actual receipt of the aforementioned medical care at

---

[1] Magistrate Judge Limbert also conducted a telephone conference with the parties on July 16, 2014.

3

(4:14-CV-318)

FMC Lexington. ECF No. 24 at 9-10. Based principally on Dr. Tavakoli's representations that Plaintiff would remain at FMC Lexington for the next six months after which his appropriate care level would be reevaluated, the magistrate judge also concluded that no injunction should be granted to satisfy Plaintiff's request to finish out his sentence at FMC Lexington or another similar medical facility. ECF No. 24 at 11-13. Due to judicial reluctance to micro-manage BOP medical treatment and administrative decisions, the magistrate judge determined that the likelihood of Plaintiff succeeding on his claim was low. ECF No. 24 at 11. In the magistrate judge's view, Plaintiff also failed to show that irreparable harm would occur absent an injunction–after all, Plaintiff's future medical condition is unknown and Dr. Tavakoli indicated that Plaintiff's future placement would depend on a later reevaluation of his care level. ECF No. 24 at 12-13. Finally, the magistrate judge determined that ordering Plaintiff to remain at FMC Lexington would disrupt the facility's ability to treat patients in greater need of medical treatment and interfere with the administration of prison affairs, thereby potentially causing harm to others and disserving the public. ECF No. 24 at 13.

Plaintiff filed an objection. ECF No. 25. Defendants filed a response. ECF Nos. 26, 27. The Court will evaluate the merits of Plaintiff's objection below.

## II. Legal Standard

28 U.S.C. § 636 does not require a district court to review a magistrate judge's report to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986). When written objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

(4:14-CV-318)

is made." 28 U.S.C. § 636 (b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

### III. Discussion

Although Plaintiff does not identify a specific portion of the magistrate judge's legal or factual analysis to which he objects, the substance of his argument appears to be his concern that "[t]here is a VERY REAL possibility that [Dr. Tavakoli] could find that the Plaintiff is stable and have him transferred" out of FMC Lexington after the six month monitoring period. ECF No. 25 at 3. Plaintiff notes that Dr. Tavakoli is "just [an] M.D." and not a specialist. ECF No. 25 at 2. Plaintiff further argues that "[t]he Eight Amendment requires that prison officials provide a system of ready access to adequate medical care," and appears to raise the claim that this right would be violated if Plaintiff was subsequently transferred out of FMC Lexington and placed "in a CCA, private contracting facility." ECF No. 25 at 4. The Court observes that Plaintiff does not object to any part of the magistrate judge's determination that Plaintiff's requests for a transfer to a medical facility, for heart valve surgery, and for post-surgery rehabilitation, are moot.

In determining whether to grant a preliminary injunction, a court must balance the following four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable harm without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20.

Plaintiff provides nothing to challenge the magistrate judge analysis that each of the above four factor militates against the granting of a preliminary injunction. The Court is not aware of any

(4:14-CV-318)

law which stands for the legal proposition that trained medical doctors are not capable of making care level determinations for prison inmates. Plaintiff has supplied no evidence that his medical reevaluation will be conducted by a medical professional who lacks the credentials to assess his care level. There is, moreover, no law which provides that the *possible* transfer of a prisoner away from a FMC based on professional, medical judgment regarding the prisoner's health condition violates the Eight Amendment. See *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("[w]here a prisoner has receive some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law"); *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003) ("federal courts must remember that the duty to protect inmate' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which [courts] are ill equipped"). Therefore, Plaintiff's objection is overruled.

## IV. Conclusion

Based on the foregoing, the Court overrules Plaintiff's objection and adopts, in its entirety, the report and recommendation of the magistrate judge. Defendants' motion to dismiss is denied. Plaintiff's motion for preliminary injunction is denied. This case is dismissed without prejudice.

    IT IS SO ORDERED.

August 21, 2014                  /s/ Benita Y. Pearson
Date                               Benita Y. Pearson
                                        United States District Judge